CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**MAY 19 2014**

JULIA C. DUDLEY, CLERK
BY: /s/ M ou
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY DEAN SEXTON, | Civil Action No. 7:13CV00521 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Timothy Dean Sexton, was born on November 10, 1979, and eventually completed the twelfth grade in school. Mr. Sexton has worked as a machine loader in the textile industry, furniture factory loader, production worker, shipping loader, tree trimmer, and hardwood flooring installer. He last worked in 2009. On January 13, 2010, Mr. Sexton filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on July 31, 2009, due to severe depression and anxiety; borderline personality disorder; lack of focus; sleeping problems; and "surreal nightmares." (TR 380). Plaintiff now maintains that he has remained disabled to the

present time. As to his application for disability insurance benefits, the record reveals that Mr. Sexton met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. (TR 179). See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Sexton's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 11, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge determined that plaintiff suffers from several severe impairments, outlined by the Law Judge as follows:

> The claimant has medically determinable severe impairments including Chronic Lumbar Strain with degenerative disc disease and mild left sciatica, status-post lumbar laminectomy/diskectomy in March, 2011; Left shoulder strain with Degenerative joint disease; recurrent ganglion cyst both wrists; Possible post-traumatic degenerative joint disease right ankle and knee; Hypertension; Obesity; Schizoaffective disorder; Major depressive disorder, recurrent, mild; Anxiety disorder not otherwise specified; Borderline personality disorder; and Panic attacks while incarcerated, as set forth in the body of this Decision, but his impairment(s) does not meet or equal in severity the criteria of any impairment found in the Listing of Impairments at Appendix 1, Subpart P, Regulations Part 404.

(TR 179). Because of these impairments, the Law Judge ruled that Mr. Sexton is disabled for all of his past relevant work roles. However, the Law Judge found that plaintiff retains the capacity to perform a limited range of light work activity. The Law Judge assessed Mr. Sexton's residual functional capacity as follows:

> Beginning July 31, 2009, through at least the date of this Decision, the claimant has retained the residual functional capacity to perform a reduced range of unskilled, light exertional work activity. He retains the ability to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk up to six hours in an eight hour workday, and sit for up to six hours during the workday. He is precluded from continuous operation of hand controls, and from continuous operation of foot controls with the right foot. He can occasionally perform climbing, balancing, stooping, kneeling, and crouching, but should avoid any crawling, and avoid exposure to heights and hazards such as dangerous moving machinery. Moderate

2

impairment in his ability to sustain concentration, persistence, or pace, limit him to performing no more than simple types of job instructions and directions.

(TR 179). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Sexton is not disabled, and that he is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Sexton has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As noted above, the Administrative Law Judge found that, as a result of emotional difficulties and musculoskeletal problems, Mr. Sexton is disabled for all of his past relevant work roles. In such circumstances, the

3

burden of going forward with the evidence shifts to the Commissioner to establish the availability of alternate work roles, which the claimant could be expected to perform. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). See also 20 C.F.R. §§ 404.1560(c)(2) and 416.960(c)(2). In such circumstances, the Commissioner often relies on testimony from a vocational expert. Grant, 699 F.2d at 192. As noted above, in assessing Mr. Sexton's capacity for alternate work activity, the Administrative Law Judge relied on testimony from a vocational expert. At the time of the administrative hearing, the Law Judge posed the following hypothetical question to the vocational expert:

> First, please consider an individual who may perform work at the light exertional level, occasionally climb, balance, stoop, kneel, and crouch. The person should do no crawling, should avoid heights and hazards, cannot perform continuous hand control or continuous right-foot control. The individual should receive no more than simple job instructions.

(TR 219-20). In response, the vocational expert testified that, while the plaintiff could not perform past relevant work, the plaintiff could be expected to perform certain light work roles which exist in significant number in the national economy. (TR 220).

The difficulty in this case is that the hypothetical question put to the vocational expert did not include all the limitations ultimately found to exist by the Administrative Law Judge in his opinion. As noted above, in assessing plaintiff's residual functional capacity, the Law Judge noted moderate impairment in the ability to sustain concentration, persistence, or pace. Thus, while the vocational expert proposed alternate work roles, as a production assembler, packer, and inspector, the vocational expert was not asked to consider the degree to which such work roles require sustained concentration, regular production output, and attendance to task.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all the work-related limitations which the Law Judge ultimately found to exist. Stated differently, while Mr. Sexton was ultimately found to be capable of unskilled, production jobs, which often require close attendance to task and satisfaction of daily quotas, the vocational expert was not asked to consider the interplay of moderate limitations in concentration, persistence, and pace. In such circumstances, the court is unable to conclude that the Administrative Law Judge properly identified alternate work roles which Mr. Sexton reasonably could be expected to perform. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In passing, the court notes that the Law Judge's finding as to residual functional capacity suggests that the Law Judge may have considered Mr. Sexton to be limited to simple types of jobs because he experiences moderate impairment in concentration, persistence, or pace. In other words, the Law Judge seems to suggest that anyone with moderate impairments in concentration, persistence, or pace can perform simple jobs. The court notes that in other social security cases, the Commissioner has made the identical argument in support of motions for summary judgment, though the argument was not advanced in the motion in the instant case. In any event, however, the court

is simply unable to accept this proposition. A limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace. As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla.) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla.) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases). Indeed, as noted above, it seems that problems with concentration and pace would be especially critical in terms of performance of routine and repetitive tasks. Stated succinctly, the court concludes that the hypothetical question posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, or pace, is not consistent with the evidence of record.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a

supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 19th day of May, 2014.

/s/ Glen Conrad
Chief United States District Judge